Case 4:24-cv-00643 Document 19 Filed on 09/05/24 in TXSD Page 1 of 4

United States District Court
Southern District of Texas
**ENTERED**
September 05, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CARLA BENITEZ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:24-CV-00643 |
| | § | |
| WAL-MART STORES TEXAS, LLC, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

**I.   INTRODUCTION**

Pending before the Court is the defendant's, Wal-Mart Stores Texas, LLC, motion for summary judgment (Dkt. No. 15). The plaintiff, Carla Benitez, has filed a response to the defendant's motion (Dkt. No. 17). Also, before the Court for consideration, concerning the defendant's motion on the plaintiff's pleading, are the defendant's exhibits consisting of the video activities in the area of the plaintiff's fall while she was in the area before and afterward, and the plaintiff's deposition. After, a careful review of the documents and any unchallenged facts presented by the defendant, the Court determines that the defendant's motion for summary judgement should be **GRANTED**.[1]

**II.   FACTUAL BACKGROUND**

The plaintiff asserts in her petition and response that she was shopping in the defendant's store on or about January 17, 2022, when she slipped and fell on a substance on the floor that was "slippery" and appeared to be oil. At the time of her fall, she was in the baking goods aisle where,

---

[1] In light of the Court's ruling on the defendant's motion for summary judgment, the plaintiff's view that further discovery is necessary is unwarranted.

1 / 4

among other things, cooking oils were shelved. She testified that she did not notice anything on the floor prior to her fall.

The defendant's video footage shows that prior to the plaintiff's fall, other customers were able to traverse the same aisle without difficulty. No one slipped or stepped in such a manner as to suggest that a substance was on the floor. Moreover, the plaintiff admits that there is no indication that Walmart employees knew that there was a substance on the floor prior to her fall.

The video also shows the plaintiff handling a bottle of olive oil. She removed a bottle of olive oil from the shelf, adjusted the cap on the bottle, and placed it in her cart on its side. After the plaintiff's fall, the video shows a customer attempting to render aid to the plaintiff and, while doing so pointed out to the plaintiff that oil was leaking from the bottle of olive oil in her shopping cart. The customer then placed the bottle in an upright position. Following the plaintiff's fall and before leaving the area, the plaintiff's daughter is seen removing the bottle of olive oil from the plaintiff's cart and placing it back on the shelf.

### III. STANDARD OF REVIEW

Rule 56 of the Federal Rules of Civil Procedure authorizes summary judgment against a party who fails to make a sufficient showing of the existence of an element essential to the party's case and on which that party bears the burden at trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). The movant bears the initial burden of "informing the Court of the basis of its motion" and identifying those portions of the record "which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323; *see also Martinez v. Schlumberger, Ltd.*, 338 F.3d 407, 411 (5th Cir. 2003). Summary judgment is appropriate where the pleadings, the discovery and disclosure

materials on file, and any affidavits show that "there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

If the movant meets its burden, the burden then shifts to the nonmovant to "go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." *Stults v. Conoco, Inc.*, 76 F.3d 651, 656 (5th Cir. 1996). "To meet this burden, the nonmovant must 'identify specific evidence in the record and articulate the 'precise manner' in which that evidence support[s] [its] claim[s].'" *Id.* (internal citations omitted). It may not satisfy its burden "with some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence." *Little*, 37 F.3d at 1075 (internal quotation marks and citations omitted). Instead, it "must set forth specific facts showing the existence of a 'genuine' issue concerning every essential component of its case." *American Eagle Airlines, Inc. v. Air Line Pilots Ass'n, Intern.*, 343 F.3d 401, 405 (5th Cir. 2003).

## IV. ANALYSIS & DISCUSSION

The plaintiff asserts in her petition, claims of negligence and premises liability. However, it is undisputed that prior to or at the time of the plaintiff's alleged slip and fall no repairs and/or construction was underway in the baking goods section of the store, particularly the aisle where the alleged event occurred. Therefore, the plaintiff's cause of action is governed by the law of the State of Texas. A business invitee can maintain a negligence case against a premises owner only where the evidence shows that the plaintiff's injuries are a result of a defendant's negligent activities that are contemporaneous with the injury incident and arise out of the defendant's negligent activities. *See United Scaffolding, Inc. v. Levine*, 537 S.W.3d 463, 471 (Tex. 2017). Absent evidence of a contemporaneous act, a negligence activity claim fails. *See Keetch v. Kroger Co.*, 845 S.W.2d 262, 264 (Tex. 1992). Hence, the plaintiff's negligence claim fails.

The plaintiff's premises liability claims fair no better. In order to recover under a premises liability claim a plaintiff must establish that the premises owner (a): placed an object or substance on the floor, (b) knew that the object or substance was on the floor, and negligently failed to remove it, or (c) that it is more likely than not that the condition lasted long enough to give the premises owner a reasonable opportunity to discover it. *See Hall v. Sonic Drive-In of Angleton, Inc.*, 177 S.W.3d 636, 645 (Tex. App.–Houston [1st Dist.] 2005, pet. denied).

There is no evidence that the defendant knew that oil or a slipping substance was on the floor in the baking goods aisle. And the plaintiff admits as much. Moreover, there is no evidence that the oily substance was on the floor enough that it should have been discovered in the exercise of ordinary care. *Keetch*, 845 S.W.2d at 264. Therefore, the Court HOLDS that the plaintiff's proffer of evidence fails to escape the strictures of the Federal Rules of Civil Procedure, Rule 56(a); hence, the defendant's motion for summary judgment is **GRANTED.**

It is so **ORDERED**.

SIGNED on September 5, 2024, at Houston, Texas.

Kenneth M. Hoyt
United States District Judge